# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

ROBIN M. JONES,

    Plaintiff,

vs.

OMEGA CABINETS, LTD.,

    Defendant.

No. 10-CV-2011-LRR

**ORDER**

## *I. INTRODUCTION*

The matter before the court is Defendant Omega Cabinets, Ltd.'s "Motion for Summary Judgment" ("Motion") (docket no. 34).

## *II. PROCEDURAL BACKGROUND*

On February 16, 2010, Plaintiff Robin M. Jones filed a one-count Complaint (docket no. 2) alleging that Defendant violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*. On April 21, 2010, Defendant filed an Answer (docket no. 5).

On April 30, 2010, Plaintiff filed a First Amended Complaint (docket no. 7), in which she maintained her FMLA claim against Defendant. However, she added a claim alleging violations of the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §§ 1161-1169, by Defendant and two additional parties, Health Care Service Corporation Illinois State PAC, NFP and Mangrove Employer Services. On May 14, 2010, Defendant filed an Answer (docket no. 12) to the First Amended Complaint.

On June 9, 2010, Plaintiff filed a Second Amended Complaint (docket no. 16). While Plaintiff's claims remained the same, she added MasterBrand Cabinets, Inc. as a defendant on her COBRA claim. On June 23, 2010, Plaintiff stipulated to the dismissal of her COBRA claim.

On July 8, 2010, Plaintiff filed a Third Amended Complaint (docket no. 22) "to

eliminate [the COBRA claim] and remove the names of all unnecessary defendants from the caption of this action." Plaintiff's Motion for Leave to Amend Second Amended Complaint (docket no. 20) at ¶ 3. On July 21, 2010, Defendant filed an Answer (docket no. 23) to the Third Amended Complaint.

On December 30, 2010, Plaintiff's counsel filed a "Motion to Withdraw" (docket no. 28). Plaintiff's counsel explained that "[c]ircumstances ha[d] arisen between Plaintiff and Plaintiff's counsel that require Plaintiff's counsel to withdraw as attorneys for the Plaintiff in this case." Motion to Withdraw at ¶ 1. Plaintiff's counsel also stated that Plaintiff consented to counsel's withdrawal.

On January 10, 2011, United States Magistrate Judge Jon S. Scoles entered an Order (docket no. 31) granting the Motion to Withdraw. Judge Scoles noted that counsel's withdrawal would not constitute good cause to continue the trial date in this action and stated that "[i]f Plaintiff intends to be represented by counsel, she is strongly encouraged to immediately seek substitute counsel." Order at 1. Plaintiff has not obtained new counsel, and she proceeds pro se.

On February 25, 2011, Defendant filed the Motion. Plaintiff has not filed a resistance, and the time for doing so has expired.

### III. SUBJECT MATTER JURISDICTION

The court has federal question subject matter jurisdiction over Plaintiff's FMLA claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*,

409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. "[T]o establish the existence of a genuine issue of material fact, 'a [non-moving party] may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Rather, the nonmoving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

## IV. FACTUAL BACKGROUND

Because Plaintiff has not filed a resistance to the Motion, she failed to respond to Defendant's "Statement of Undisputed Material Facts in Support [the Motion]" ("Defendant's Statement of Facts") (docket no. 34-2). "The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes an admission of that fact." LR 56.b. Accordingly, the court deems Defendant's Statement of Facts admitted and adopts them as if set forth in full herein.

## V. ANALYSIS

Although styled as a single count, Plaintiff alleges both interference and retaliation claims under the FMLA. *See* Third Amended Complaint at ¶ 20 (alleging that "Defendant interfered with . . . Plaintiff's exercise of or Plaintiff's attempt to exercise her FMLA rights"); *id.* at ¶ 25 (alleging that "Defendant's termination of Plaintiff was retaliatory and discriminatory on the basis of Plaintiff availing herself of protected [FMLA] rights").

Defendant seeks summary judgment on Plaintiff's FMLA claims for three reasons:

(1) "Plaintiff has not suffered any damages, which is a required element of her claims under the FMLA"; (2) "Plaintiff cannot prove a prima facie case for her FMLA retaliation claim"; and (3) "Plaintiff's employment was terminated for legitimate, nondiscriminatory reasons." Motion at 1.

### A. Procedural Grounds

"If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court." LR 56.c. Because Plaintiff did not file a resistance to the Motion, she failed to expressly admit, deny or qualify each of the facts set forth in Defendant's Statement of Facts. *See* LR 56.b.2. Plaintiff's failure to respond to Defendant's Statement of Facts constitutes an admission of these facts. *See* LR 56.b. Given Plaintiff's admission of these facts and her failure to come forward with any evidence, the court concludes that Defendant is entitled to summary judgment on purely procedural grounds. *See* LR 56.c.

### B. Merits

In addition to granting the Motion on procedural grounds, the court finds it appropriate to address the Motion on the merits. *See Mack v. Dillon*, 594 F.3d 620, 622 (8th Cir. 2010) (per curiam) ("[W]e are troubled by the court's failure to address the merits, and its apparent grant of summary judgment based solely on the lack of a response from [the nonmoving party].").

#### 1. Interference

Defendant concedes "that it made an administrative error when it calculated the amount of FMLA leave to which [Plaintiff] was entitled." Defendant's Memorandum of Law in Support of the Motion ("Def. Br.") (docket no. 34-1) at 2. This error caused Defendant to conclude that Plaintiff had exhausted her FMLA leave when, in fact, she had leave remaining at the time Defendant terminated her employment. However, even under a correct calculation, Plaintiff's FMLA leave would still have expired in May of 2008.

Defendant argues that Plaintiff's interference claim fails because Plaintiff was unable to return to work until—at the very earliest—August 1, 2008, long after her (correctly calculated) FMLA leave expired.

Plaintiff's doctor indicated that Plaintiff could return to work with no restrictions on August 1, 2008. However, Plaintiff testified that she was unable to return to work at that time. In fact, during her deposition in this action, Plaintiff testified that she still was unable to return to work. Plaintiff testified that between beginning her FMLA leave on March 10, 2008 and her deposition in October of 2010, she was never able to return to work.

The court concludes that Defendant is entitled to summary judgment on Plaintiff's interference claim. "The FMLA only permits recovery for 'wages, salary, employment benefits, or other compensation denied or lost,' and when such benefits are not denied or lost, an eligible employee may recover 'any actual monetary losses sustained . . . as a direct result of the violation, such as the cost of providing care.'" *Rodgers v. City of Des Moines*, 435 F.3d 904, 909 (8th Cir. 2006) (quoting 29 U.S.C. § 2617(a)(1)(A)(i)(I), (II)). "In an action brought under the FMLA, 'a plaintiff must be able to show a reasonable likelihood that a rational trier of fact would award . . . damages or find [an entitlement] to injunctive relief to avoid the entry of summary judgment.'" *McBurney v. Stew Hansen's Dodge City, Inc.*, 398 F.3d 998, 1002 (8th Cir. 2005) (quoting *Dawson v. Leewood Nursing Home, Inc.*, 14 F. Supp. 2d 828, 832 (E.D. Va. 1998)).

Even if Defendant had correctly calculated Plaintiff's available FMLA leave, that leave would have expired long before Plaintiff was able to return to work. Because she is unable to produce any evidence of damages, the court concludes that Defendant is entitled to summary judgment on Plaintiff's interference claim. *See McBurney*, 398 F.3d at 1002 (affirming summary judgment in employer's favor because the employee "failed to produce evidence of damages"); *Oatman v. Fuji Photo Film U.S.A., Inc.*, No. CA 3:00-

5

CV-2116-R, 2002 WL 245972, at *2-3 (N.D. Tex. Feb. 15, 2002) (granting employer's summary judgment motion where employee admitted he could not have returned to work when his FMLA leave expired and "at the time of Plaintiff's deposition on May 15, 2001, Plaintiff was still not physically able to perform the job he held").

For the same reasons, Plaintiff is not entitled to equitable relief. The FMLA authorizes equitable relief "including employment, reinstatement, and promotion." 29 U.S.C. § 2617(a)(1)(B). "The FMLA, however, 'provides no relief unless the employee has been prejudiced by the violation.'" *Rodgers*, 435 F.3d at 909 (quoting *Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002)). "'The remedy is tailored to the harm suffered.'" *Id.* By Plaintiff's own admission, she was unable to return to work as late as October of 2010—more than two years after Defendant terminated her employment. Because she is unable to establish any prejudice caused by Defendant's alleged interference, the court shall grant the Motion with respect to Plaintiff's interference claim.

### 2. *Retaliation*

To establish a prima facie case of retaliation, Plaintiff "must show that she exercised rights afforded by the Act, that she suffered an adverse employment action, and that there was a causal connection between her exercise of rights and the adverse employment action." *Smith v. Allen Health Sys., Inc.*, 302 F.3d 827, 832 (8th Cir. 2002). Defendant argues that Plaintiff is unable to establish the necessary causal connection.

The Eighth Circuit Court of Appeals has "discounted, albeit with qualification, the possibility that mere temporal proximity between protected act and adverse employment action can establish the necessary causal connection[.]" *Id.* Nonetheless, the Eighth Circuit Court of Appeals has held that a thirteen day gap between beginning FMLA leave and termination was "extremely close" and was "sufficient, but barely so, to establish causation[.]" *Id.* at 833. In this case, Plaintiff began FMLA leave on March 10, 2008 and Defendant terminated her employment on May 1, 2008. The court concludes the timing

6

of these events is insufficient to establish a causal connection between her exercise of FMLA rights and her termination. Because Plaintiff has not come forward with any other evidence of a causal connection, the court concludes that Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## *VI. CONCLUSION*

In light of the foregoing, the Motion (docket no. 34) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant Omega Cabinets, Ltd. and to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 31st day of March, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA